UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH WALTON,

    Plaintiff,

v.

                                  Case No. 23-10404
                                  Honorable Victoria A. Roberts

FIRST MERCHANTS CORP., et al.,

    Defendants.
_____/

## ORDER: (1) TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA; AND (2) IMPOSING FILING BAR ON WALTON

Vexatious litigant Deborah Walton brings this action against First Merchants Bank ("FMB") and its general counsel for forgiving, without penalty, two of her loans and for allegedly committing fraud in defense of a related lawsuit she filed against FMB in the Southern District of Indiana.

Plaintiff is a citizen of Indiana; Defendants are citizens of Indiana; and all of the alleged conduct for which Walton sues Defendants occurred in Indiana. The case has no connection to Michigan.

Why would Walton file a suit that has no connection to Michigan in this Court? Because she: (1) already sued FMB for this conduct in the proper venue – the Southern District of Indiana – and lost; and (2) is barred

from filing "any papers" – including complaints – in any federal court within the Seventh Circuit until September 1, 2024 – by order of the Seventh Circuit, *see Walton v. First Merchants Bank*, No. 22-1240, 2022 WL 3999965, at *2 (7th Cir. Sept. 1, 2022) (internal citations omitted), *cert. denied*, 143 S. Ct. 573 (2023).

In dismissing Walton's related suit against FMB in the Southern District of Indiana – at least the 23rd case Walton filed in that district and the third against FMB – the court characterized it as "yet another ***utterly baseless*** action [filed by Walton]" and held:

> Like FMB, the Court has had enough of Walton's malarkey. Her frivolous claims are utterly devoid of any factual or legal merit, and the mere fact that she presses this suit against FMB demonstrates that the suit has no other purpose than to harass FMB and inflict unnecessary litigation costs on FMB. Her baseless claims have burdened this Court and FMB with needless expense. Walton's action has taken valuable judicial resources away from and delayed justice to parties who have nonfrivolous claims. Her wasteful motions to disqualify and strike further wasted valuable time and resources. The conclusion that Walton has willfully abused the judicial process and conducted this action in bad faith is inescapable.

*Walton v. First Merchants Bank Corp.*, No. 21-CV-00419, 2022 WL 480039, at *1, *6 (S.D. Ind. Feb. 14, 2022) (emphasis added); *see also Walton v. BMO Harris Bank*, No. 22-01789, ECF No. 4 (S.D. Ind. Sept. 14, 2022) (listing cases).

Walton appealed the decision.  The Seventh Circuit dismissed the appeal as frivolous and imposed a two-year filing bar on Walton in all courts in the Seventh Circuit:

> Monetary sanctions have not deterred Walton from filing frivolous suits and appeals. More than a decade ago, we warned her that pursuing frivolous litigation would lead to monetary penalties and potentially a *Mack* bar. . . . She persists in pursuing frivolous litigation . . ., and we have imposed monetary sanctions without apparent effect.  We now direct the clerks of all federal courts in this circuit to return unfiled any papers that Walton tries to file for two years, other than in cases concerning a criminal prosecution against her or a habeas corpus proceeding.

*Walton*, 2022 WL 3999965, at *2 (internal citations omitted).

Walton attempts to circumvent the filing bar by bringing her most recent action against FMB in this Court.  Walton's complaint is frivolous, malicious, and fails to state a claim upon which relief may be granted.  Nevertheless, because Walton is not proceeding *in forma pauperis*, the Court cannot dismiss the complaint *sua sponte*.

However, the Court may *sua sponte* transfer a civil case to a different venue "[f]or the convenience of the parties and witnesses, in the interest of justice...."  28 U.S.C. § 1404(a); *Carver v. Knox Cnty., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989) (noting that "a district court may transfer a case sua sponte"); *Flynn v. Greg Anthony Constr. Co.*, 95 Fed. Appx. 726, 738 (6th Cir. 2003) ("Congress has enacted a number of statutes that give

3

federal courts the power to transfer cases *sua sponte*." (citing 28 U.S.C. §§ 1404(a) and 1406(a))).  In deciding whether to transfer a case under § 1404(a), the Court must examine a number of factors, including convenience of the parties, convenience of the witnesses, and the interests of justice. *Viron Int'l Corp. v. David Boland, Inc.*, No. 01-CV-42, 2002 WL 31990366, at *9 n.7 (W.D. Mich. Mar. 4, 2002).

The asserted claims have no relation to/connection with the Eastern District of Michigan.  The parties are citizens of Indiana and all the events underlying Walton's claims occurred in Indiana.  The Southern District of Indiana is the proper venue or, at least, is more convenient for the parties and witnesses.  *See* 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

The Court **ORDERS** the Clerk of Court to **TRANSFER** this case to the Southern District of Indiana.

Additionally, the Indiana district court's order and Seventh Circuit's decision demonstrate that Walton is a vexatious litigant who "persists in filing frivolous litigation" and is "not deterred" by monetary sanctions. *See*

*Walton*, 2022 WL 3999965, at *2.  To avoid Walton shifting her frivolous filings to this District, to ensure that Walton does not circumvent the Seventh Circuit filing bar by filing suit in this Court, and to protect against the waste of judicial resources, the Court **ADOPTS** in this District the Seventh Circuit's two-year filing bar against Walton.

The Court **DIRECTS** the Clerk of Court "to return unfiled any papers that Walton tries to file [on or before September 1, 2024 (i.e., two years from the entry of the Seventh Circuit's decision)], other than in cases concerning a criminal prosecution against her or a habeas corpus proceeding."  See *Walton*, 2022 WL 3999965, at *2.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  March 16, 2023